UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HABIB SURANI,** *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | CIVIL No. 13-931 (RMC) |
| U.S. BANKRUPTCY COURT, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs Habib Surani and Maricruz Surani, acting pro se (without counsel) filed this suit against the U.S. Bankruptcy Court. Compl. [Dkt. 1]. Plaintiffs seek $5,000,000 in damages, alleging that the Bankruptcy Court failed to prevent the foreclosure of their business located at 701 and 703 North Henderson, Fort Worth, Texas 76107. While the Complaint lists the address of the Bankruptcy Court in Greenbelt, Maryland, public records show that the Suranis filed two separate Chapter 13 bankruptcy proceedings in the U.S. Bankruptcy Court located in Fort Worth, Texas. *See In re Surani*, Bankr. Pet. 07-44888-dml13 (N.D. Tex. filed Nov. 5, 2007) (dismissed for failure to pay trustee Dec. 16, 2008); *In re Surani*, Bankr. Pet. 08-46170-rfn13 (N.D. Tex. filed Dec. 31, 2008) (debtor dismissed for failure to make plan payments July 15, 2009).

Even though pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate the claim. A complaint can be dismissed sua sponte and at any time under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C.

2011).   When determining whether a case should be dismissed for lack of jurisdiction, a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.   *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004).   Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions."   *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).   Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings.   *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005).   No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement.   *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).   The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.   *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

This Court lacks jurisdiction over Plaintiffs' Complaint under the doctrine of sovereign immunity.   This doctrine provides that the United States and its agencies cannot be sued without the consent of Congress.   *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (United States cannot be sued for damages without its consent); *Block v. North Dakota,* 461 U.S. 273, 287 (1983) (same); *see also Albrecht v. Comm. on Employee Benefits of Fed. Reserve Employee Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) (federal agencies and instrumentalities possess sovereign immunity).   Sovereign immunity also applies to government employees acting in their official capacities.   *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984).   The United States' exemption from suit is expressed in jurisdictional terms—that is, federal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver.   *See, e.g., Jackson v. Bush,* 448 F. Supp. 2d 198, 200 (D.D.C. 2006).   The U.S. Bankruptcy Court and

the Office of the U.S. Trustee are instrumentalities of the United States, and they are entitled to sovereign immunity.  *Balser v. Dep't of Justice, Office of the U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003); *Taylor v. U.S. Bankruptcy Court*, No. C.A. 3:03-4117-2, 2004 WL 3217865, *1 (D.S.C. Aug. 26, 2004).   Because the Defendant here is the U.S. Bankruptcy Court and the Bankruptcy Court is immune from suit, this Court lacks jurisdiction.

Furthermore, a court may sua sponte dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) without notice where it is "patently obvious" that the plaintiff cannot possibly prevail based on the facts alleged in the complaint.  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990).   Plaintiffs cannot possibly prevail here because the Complaint is based on the actions of the bankruptcy court judge, and the judge is entitled to judicial immunity.   Judges and court officers are immune from suits seeking damages for performance of judicial functions unless those acts are done in the clear absence of jurisdiction. *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993).   "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."   *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted); *see also e.g., Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (suit against four Supreme Court justices dismissed as frivolous based on judicial immunity, since the justices had jurisdiction over the subject matter before them).   The purpose of judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

To the extent that Plaintiffs actually intend to complain about foreclosure proceedings against their business property that occurred in Texas state court, this Court lacks

jurisdiction under the *Rooker-Feldman* abstention doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court"); *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40, 45-46 (D.D.C. 2003) (suit challenging a state court's ratification of foreclosure sale was dismissed for lack of jurisdiction under *Rooker-Feldman*).

Because this Court lacks jurisdiction due to sovereign immunity and under the *Rooker-Feldman* doctrine, the case will be dismissed. Even if the Court had jurisdiction, the case still would be dismissed because it is patently obvious that the Plaintiffs cannot prevail due to judicial immunity. A memorializing Order accompanies this Memorandum Opinion.

Date: June 28, 2013                               /s/
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge